[Cite as *State vs. Hart*, 2018-Ohio-4235.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| WILLIAM HART | : | Case No.18-CA-9 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 17-CR-200


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            October 18, 2018


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CYNTHIA L. ELLISON                        ANDREW T. SANDERSON
239 West Main Street                      738 East Main Street
Suite 101                                 Lancaster, OH  43130
Lancaster, OH  43130

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, William Hart, appeals his March 15, 2018 sentence by the Court of Common Pleas of Fairfield County, Ohio.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 28, 2017, the Fairfield County Grand Jury indicted appellant on one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322 and one count of gross sexual imposition in violation of R.C. 2907.05.

{¶ 3}   On December 20, 2017, appellant pled guilty as charged.  By judgment entry filed March 15, 2018, the trial court sentenced appellant to eight years on the pandering count and sixty months on the gross sexual imposition count, to be served concurrently.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}   "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO MERGE COUNTS OF THE INDICTMENT FOR PURPOSES OF SENTENCING."

I

{¶ 6}   In his sole assignment of error, appellant claims the trial court erred in not merging the two offenses for sentencing purposes in violation of R.C. 2941.25.  We disagree.

{¶ 7}   R.C. 2941.25 governs multiple counts and states the following:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 8} In *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the

following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶ 9}   The *Ruff* court explained at ¶ 26:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct.  The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import.  When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts.  Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense.  We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

{¶ 10} In this case, appellant pled guilty to one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1) which states: "(A) No person, with knowledge of the character of the material or performance involved, shall do

any of the following: (1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality."

{¶ 11} The bill of particulars filed June 1, 2017 alleged that on or about August 5, 2016, appellant:

> did, with knowledge of the character of the material or performance involved, create, record, photograph, film, develop, reproduce, or publish material that shows a minor participating or engaging in sexual activity, masturbation, or beastiality contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

{¶ 12} Appellant also pled guilty to gross sexual imposition in violation of R.C. 2907.05(A)(4) which states:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> (5) The ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to

resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age.

{¶ 13} The bill of particulars alleged that on or about August 5, 2016, appellant "did have sexual contact with [victim's initials] not his spouse, when [victim's initials] was less than thirteen years of age, whether or not the offender knew the age of that person contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio."

{¶ 14} In his appellate brief at 5, appellant argues "that both offenses constituted a singular act with a singular criminal culpability" and therefore the counts should have been merged for sentencing as allied offenses of similar import.

{¶ 15} During the sentencing hearing held on February 21, 2018, defense counsel argued for merger. The trial court was informed of the sexual contact committed by appellant against the minor victim, and that appellant videotaped the incident. T. at 8. The trial court determined the offenses were not allied offenses of similar import because "the harm which was created here in terms of the act of gross sexual imposition and the act of creating a record of this activity are distinguishable." T. at 9. The trial court further determined "there was a separate intent on the part, and separate animus on the part of the Defendant in committing the act of gross sexual imposition, and then also creating a record of it, a film of it." *Id.*

{¶ 16} We agree with the trial court's analysis. Each offense caused separate, identifiable harm (sexual contact, creating a videotape of the incident) and the offenses

were committed with a separate animus or motivation (immediate sexual gratification, replay the incident for future sexual gratification and/or to show others).

{¶ 17} Additionally, we find the two offenses did not arise out of the same conduct. Appellant engaged in sexual contact with a minor and also recorded the sexual contact. Each act constituted an offense. The two acts do not become the same conduct just because appellant did both in the same time frame.

{¶ 18} Upon review, we find the trial court did not err in not merging the two offenses for sentencing purposes.

{¶ 19} The sole assignment of error is denied.

{¶ 20} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Hoffman, J. concur.

EEW/db 105